| | |
|---|---|
| 1 | **LAQUER URBAN CLIFFORD & HODGE LLP**<br>Michael Y. Jung, State Bar No. 245260 |
| 2 | Email:  Jung@luch.com<br>225 South Lake Avenue, Suite 200 |
| 3 | Pasadena, California 91101-3030<br>Telephone: (626) 449-1882 / Facsimile:  (626) 449-1958 |
| 4 | |
| 5 | Counsel for Plaintiffs, Trustees of the Southern<br>California Pipe Trades Health and Welfare Trust Fund, et al. |

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 10 | | |
| 11 | TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES HEALTH AND WELFARE TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES PENSIONERS AND SURVIVING SPOUSES HEALTH FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES RETIREMENT TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES DEFINED CONTRIBUTION TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES VACATION AND HOLIDAY TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES CHRISTMAS BONUS FUND; TRUSTEES OF THE APPRENTICE AND JOURNEYMAN TRAINING TRUST FUND; TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND; and TRUSTEES OF THE INTERNATIONAL TRAINING FUND,<br><br>                  Plaintiffs,<br><br>          v.<br><br>TECHNO-ADVANCED, INC., a California corporation,<br><br>                  Defendant. | CASE NO.:  2:16-cv-09340<br><br>**COMPLAINT FOR:**<br><br>  **1. BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENTS AND RELATED TRUST AGREEMENTS AND VIOLATION OF § 515 OF ERISA [29 U.S.C. § 1145];**<br><br>  **2. BREACH OF CONTRACT** |

Plaintiffs, Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, Trustees of the Southern California Pipe Trades Pensioners and Surviving Spouses Health Fund, Trustees of the Southern California Pipe Trades Retirement Trust Fund, Trustees of the Southern California Pipe Trades Defined Contribution Trust Fund, Trustees of the Southern California Pipe Trades Vacation and Holiday Trust Fund, Trustees of the Southern California Pipe Trades Christmas Bonus Fund, Trustees of the Apprenticeship and Journeyman Training Trust Fund, Trustees of the Plumbers and Pipefitters National Pension Fund, and Trustees of the International Training Fund (hereinafter collectively the "Trustees"), complain and allege:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1132(e)(1)], which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)] to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA.  Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA [29 U.S.C. § 1132(f)].

2. This Court also has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. § 185(a)], which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and Section 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the plaintiff Trustees' trust funds are administered, in which the relevant acts took place, and in which monies are due and payable.

4. To the extent this complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES

5. Plaintiffs are the Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, the Southern California Pipe Trades Pensioners and Surviving Spouses Health Fund, the Southern California Pipe Trades Retirement Trust Fund, the Southern California Pipe Trades Defined Contribution Trust Fund, the Southern California Pipe Trades Vacation and Holiday Trust Fund, the Southern California Pipe Trades Christmas Bonus Fund, and the Apprentice and Journeyman Training Trust Fund (hereinafter collectively the "Local Trusts"), and the Plumbers and Pipefitters National Pension Fund (hereinafter the "National Trust") and the International Training Fund (hereinafter the "International Trust").  (The Local Trusts, National Trust and International Trust are referred to hereinafter collectively as the "Trusts").  The Trusts are express trusts created pursuant to written agreements and declarations of trust (hereinafter "Trust Agreements") between the Southern California Pipe Trades District Council No. 16 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry (hereinafter "District Council No. 16") and various employer associations in the plumbing and pipefitting industry in Southern California, or between District Council No. 16, and other councils of the United Association of Plumbers and Pipefitters, and various employer associations across the United States. The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to Section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)].

6. The Trustees are "*fiduciar[ies]*" with respect to the Trusts as defined in Section 3(21)(A) of ERIS*A* [29 U.S.C. § 1002(21)(A)].

7. At all times material herein, defendant Techno-Advanced, Inc., (hereinafter "Defendant") has been a corporation duly organized under the laws of the state of California, with its principal place of business located in Glendale, California.

## EXECUTION OF BARGAINING AGREEMENT
## AND STATUS OF PARTIES

8. On or about March 18, 2014, Defendant executed and delivered to District Council No. 16 a written single project agreement ("Glenrock Agreement") whereby Defendant agreed to be bound by the terms and conditions, with certain exceptions, of the written and existing Master Agreement for the Plumbing and Piping Industry of Southern California, in effect between the District Council No. 16 and the Southern California Contractors ("Master Agreement"), and to the related Trust Agreements, for work performed on a construction project known as the UCLA Glenrock Apartments project ("Glenrock Project"). The terms and provisions of each of the Trust Agreements are incorporated by reference into the Master Agreement and Glenrock Agreement.

9. Plaintiffs are informed and believe, and thereon allege, that in or after December 2013, Defendant began performing work on the Glenrock Project and that the work performed by Defendant on the Glenrock Project was covered by the Glenrock Agreement and Master Agreement.

10. On or about June 13, 2016, Defendant executed and delivered to District Council No. 16 a written contribution and trust acceptance agreement ("Laemmle Agreement") whereby Defendant agreed to pay contributions to the Trustees pursuant to the Master Agreement and related Trust Agreements for Covered work performed by Apprentices (as so defined in the Master Agreement) employed on the on a construction project known as the Laemmle Lofts project ("Laemmle Project").

11. Plaintiffs are informed and believe, and thereon allege, that in or after May 2016, Defendant began performing work on the Laemmle Project and that the work performed by Defendant on the Laemmle Project was covered by the Laemmle Agreement and Master Agreement.

12. Trustees are informed and believe, and thereon allege, that to avoid paying contributions, benefits and/or withholdings and in violation of the Master

Agreement, related Trust Agreements and § 515 of ERISA, [29 U.S.C. § 1145], Defendant, and one or more other individuals or entities, diverted or redirected employees and/or business affairs, assets or operations between one or more individuals and/or entities. Trustees are informed and believe, and thereon allege, that the other individuals and/or entities are presently unknown to Trustees. If Trustees ascertain that other entities have engaged in such activities with Defendant, Trustees will seek leave to amend this complaint to include such other individuals and entities as defendants.

13. That Defendant is an "*employer*" as that term is used in the Master Agreement and related Trust Agreements.

14. Defendant is an "*employer*" as defined and used in § 3(5) of ERISA [29 U.S.C. § 1002(5)], and, therefore, Defendant is "*obligated to make contributions to a multiemployer plan*" within the meaning of § 515 of ERISA [29 U.S.C. § 1145]. Trustees are informed and believe, and thereon allege, that Defendant is also an "*employer*" engaged in "*commerce*" in an "*industry affecting commerce,*" as those terms are defined and used in §§ 501(1) and 501(3) of the LMRA [29 U.S.C. §§ 142(1) and 142(3)], and within the meaning and use of § 301(a) of the LMRA [29 U.S.C. § 185(a)].

## FIRST CAUSE OF ACTION
## BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND RELATED TRUST AGREEMENTS AND VIOLATION OF § 515 OF ERISA [29 U.S.C. § 1145]
### (AGAINST DEFENDANT)

15. Trustees hereby incorporate herein by this reference paragraphs 1 through 14 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

16. Section 515 of ERISA [29 U.S.C. § 1145], provides *"[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the*

*plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."*

17. Defendant is an "*employer*" as defined and used in § 3(5) of ERISA, [29 U.S.C. § 1002(5)], and is "*obligated to make contributions to a multiemployer plan*" within the meaning and use of § 515 of ERISA [29 U.S.C. § 1145].

18. By the terms and provisions Master Agreement and related Trust Agreements, and at all times material herein, Defendant agreed, and was obligated, to do the following:

18.1 Prepare and submit true, complete and accurate written monthly contribution reports to the Trustees on a timely basis showing: i) the identities of employees performing work covered by the Master Agreement, ii) the number of hours worked by these employees, iii) their rates of pay, iv) the character of hours worked (e.g., straight time, over-time, etc.), and v) based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions, benefits and/or withholdings attributable to the same employees. Such monthly contribution reports are due on the 10th day of each successive month.

18.2 Pay to the Trustees fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by covered employees. These amounts are considered delinquent if not received by the Trustees by the 15th of the month succeeding the month in which the work was performed. These amounts are due and payable at the Trustees' administrative offices in Los Angeles, California; and

18.3 Permit the Trustees and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions have been properly paid pursuant to the Master Agreement and related Trust Agreements.

19. Trustees are informed and believe, and thereon allege, that all conditions, covenants and promises required to be performed as conditions precedent for

1  Defendant' performance under the Master Agreement and related Trust Agreements
2  have been properly performed.

3       20.    Defendant violated the Master Agreement and related Trust Agreements,
4  and its statutorily-mandated obligation under section 515 of ERISA [29 U.S.C.
5  § 1145], to submit complete and accurate monthly reports reflecting work performed
6  on the Glenrock Project during the months of January 2014 through April 2014 and on
7  the Laemmle Project during the months of May 2016 through October 2016 and to
8  timely pay fringe benefit contributions to the Trusts pursuant to the Master Agreement.
9  By reviewing certified payroll records prepared by Defendant and submitted to the
10 Trustees, the Trustees have determined that Defendant owes the Trustees contributions
11 totaling at least $29,185.12 for work performed on the Glenrock Project during the
12 months of January 2014 through April 2014 and on the Laemmle Project during the
13 months of May 2016 through October 2016. The total amount of fringe benefit
14 contributions owed by Defendant to the Trustees will be established by proof.

15       21.    Defendant also failed to timely pay fringe benefit contributions totaling
16 $82,301.12 for work performed on the Glenrock Project during the months of March
17 2014 and April 2014 and on the Laemmle project during June 2016 in breach of the
18 Master Agreement and Trust Agreements, and in violation of its statutorily-mandated
19 obligation under section 515 of ERISA [29 U.S.C. § 1145].

20       22.    Trustees are informed and believe, and thereon allege, that Defendant
21 owes, but has failed to pay, certain additional amounts of fringe benefit contributions,
22 and other damages for breach of the Master Agreement and related Trust Agreements
23 in violation of section 515 of ERISA [29 U.S.C. § 1145], in amounts not presently
24 known to the Trustees, but these additional amounts will be established by proof.

25       23.    There is no legal excuse for Defendant' breach of its obligations under the
26 Master Agreement and related Trust Agreements in violation of section 515 of ERISA
27 [29 U.S.C. § 1145].
28 ///

24. Defendant is "*delinquent,*" as that term is used in the Master Agreement, and/or related Trust Agreements.

25. Pursuant to § 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, this Court shall award the plan: i) the unpaid contributions, ii) interest on the unpaid contributions, iii) an amount equal to the greater of a) interest on the unpaid contributions or b) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, iv) reasonable attorneys' fees and costs and v) such other legal or equitable relief as this Court deems appropriate. For purposes of § 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the plan.

26. Pursuant to the Master Agreement and § 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)], Defendant is obligated to pay to the Trustees liquidated damages for the detriment caused by the failure of Defendant to pay fringe benefit contributions in a timely manner and late fees for each contribution report submitted after the date it was due. Pursuant to the written Joint Collection Policy and Procedures ("Joint Collection Policy") promulgated by the Trustees pursuant to the authority granted to them by the Master Agreement, those liquidated damages are to be assessed at ten percent (10%) of the unpaid or untimely contributions. However, if a lawsuit is filed to collect the contributions, pursuant to the Joint Collection Policy those liquidated damages are to be assessed at twenty percent (20%) of the unpaid or late contributions, and of the contributions that should have been paid if all covered work were performed by an entity signatory to the Master Agreement. Defendant owes the Trustees at least $6,676.44 for liquidated damages on unpaid contributions, plus additional amounts that will be established by proof. Defendant owes the Trustees at least $6,183.01 for liquidated damages assessed on untimely paid contributions for

the April 2014 and June 2016 work months, plus additional amounts that will be established by proof.

27. Pursuant to the Joint Collection Policy, if contribution reports are not timely submitted to the Trustees, late fees are assessed at $200.00 per occurrence. Defendant currently owes the Trustees at least $1,200.00 for late fees, plus additional amounts that will be established by proof.

28. Pursuant to the Master Agreement, the Joint Collection Policy and § 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], Defendant owes the Trustees interest at eighteen percent (18%) per annum on all unpaid or late paid fringe benefit contributions from the dates the sums were originally due or should have been paid to the Trustees until paid. Defendant owes the Trustees at least $1,276.30 for accrued interest on unpaid contributions, plus additional amounts that will be established by proof. Defendant owes the Trustees at least $2,470.79 for accrued interest on untimely paid contributions for the March 2014, April 2014 and June 2016 work months, plus additional amounts that will be established by proof.

29. By the Master Agreement, the Joint Collection Policy and § 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)], Defendant agreed that in the event of any delinquency, it would pay all legal fees and costs in connection therewith, whether incurred before or after litigation is commenced.

30. It has been necessary for Trustees to engage the law firm of Laquer, Urban, Clifford & Hodge, LLC for the purpose of collecting said contributions and damages, and the Trustees are entitled to their reasonable attorneys' fees in connection therewith. The exact amount of the legal fees due and payable has not been ascertained at this time. These amounts shall be established by proof.

31. By the Master Agreement and Trust Agreements, Defendant agreed in the event Defendant failed to pay fringe benefit contributions or otherwise comply with the terms and provisions of the Master Agreement and related Trust Agreements, to post and deliver either a good faith deposit, or a performance bond issued in favor of the

Trustees, in an amount based upon a calculation set forth in the Master Agreement. Trustees are informed and believe, and thereon allege, that the Trustees are entitled to such good faith deposit and delivery of monies or bond from Defendant. The amount of the good faith deposit or bond will be established by proof at trial.

32. Pursuant to § 502(g)(2)(E) of ERISA [29 U.S.C. § 1132(g)(2)(E)], this Court may grant such other legal or equitable relief as this Court deems appropriate. As part of Trustees' judgment, Trustees shall also request this Court to:

32.1. Order Defendant and Defendant' representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid contributions and identify all property, real or personal, tangible or intangible, that are the result, whether in whole or in part, of the use of any unpaid contributions;

32.2. Order Defendant and Defendant' representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of the Trustees, in an amount determined by this Court to be appropriate;

32.3. Order the creation of a constructive trust on all applicable property, and order the transfer of the applicable property to the Trustees; and

32.4. Order Defendant and Defendant' representatives, agents and associates, to pay to the Trustees all amounts due the Trustees, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT
## (AGAINST DEFENDANT)

33. Trustees hereby refer to, and incorporate herein, by this reference paragraphs 1 through 32 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

34. Trustees are informed and believe, and thereon allege, that amounts due as union dues and association fees and related amounts (excluding employer and

employee contributions) are not plan "assets" and, accordingly, are not recoverable under ERISA.

35. The Master Agreement requires Defendant to pay to Trustees, for the benefit of District Council 16, its affiliated local unions, the Piping Industry Progress Education & Trust Fund ("PIPE"), the Labor Management Compliance Council ("LMCC") and the California Plumbers and Mechanical Contractors Association ("CPMCA"), certain amounts for each hour worked by Defendant' employees performing work covered by the Master Agreement. Trustees are the assignee of District Council No. 16, its affiliated local unions, PIPE, LMCC and CPMCA for collecting said hourly contributions. Defendant has failed to pay amounts due under the Master Agreement to Trustees for the benefit of District Council 16, its affiliated local unions, PIPE, LMCC, and CPMCA, totaling $2,858.80 plus additional amounts which shall be established by proof herein.

36. Pursuant to the Master Agreement and Joint Collection Policy, Defendant is obligated to pay to the Trustees liquidated damages on all unpaid or delinquent contributions (including those amounts due to District Council No. 16, its affiliated local unions, PIPE, LMCC and CPMCA). Pursuant to the written Joint Collection Policy, those liquidated damages are to be assessed at ten percent (10%) of the unpaid or untimely contributions. However, if a lawsuit is filed to collect the contributions, pursuant to the Joint Collection Policy those liquidated damages are to be assessed at twenty percent (20%) of the unpaid or late contributions. Defendant owes the Trustees at least $571.76 for liquidated damages on unpaid amounts due to District Council No. 16, its affiliated local unions, PIPE, LMCC and CPMCA, plus additional amounts that will be established by proof.

37. Pursuant to the Master Agreement and the Joint Collection Policy, Defendant owes the Trustees interest at eighteen percent (18%) per annum on all unpaid or delinquent contributions (including those amounts due to District Council No. 16, its affiliated local unions, PIPE, LMCC and CPMCA) from the dates the sums

were originally due or should have been paid to the Trustees until paid. Defendant owes the Trustees at least $100.05 for accrued interest on unpaid amounts due to District Council No. 16, its affiliated local unions, PIPE, LMCC and CPMCA, plus additional amounts that will be established by proof.

## PRAYER

**WHEREFORE**, the Trustees pray for judgment as follows:

1. For unpaid fringe benefit contributions and other damages for breach of contract totaling at least $32,043.92, plus additional amounts as established by proof;

2. For liquidated damages of at least $13,431.21, plus additional amounts as established by proof;

3. For interest at the rate of eighteen percent (18%) per annum, or other applicable legal rate, on all contributions due from their respective due dates, or the dates said contributions should have been paid, until paid, totaling at least $3,847.14, plus additional amounts as established by proof;

4. For late fees of at least $1,200.00

5. For special damages in amounts as proved;

6. For damages for breach of contract as proved;

7. For the Trustees' reasonable attorneys' fees in amounts as proved;

8. For costs of suit incurred herein; and

9. For such additional relief as this Court deems just and proper, including, but not limited to, the following:

    9.1 An Order directing Defendant, its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid contributions and identify all property, real or personal, tangible or intangible, that are the result, whether in whole or in part, of the use of any unpaid contributions;

    9.2. An Order for the creation of a constructive trust on all applicable property, and an Order for the transfer of the applicable property to the Trustees; and

///

1102502

9.3. An Order directing Defendant, its representatives, agents and associates, to pay to the Trustees all amounts due the Trustees, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, and other expenses and damages incurred.

Dated: December 19, 2016      Respectfully Submitted,

LAQUER URBAN CLIFFORD & HODGE LLP

By: */S/ Michael Y. Jung*
     MICHAEL Y. JUNG
Counsel for Plaintiffs, Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, et al.

## **WAIVER OF JURY TRIAL**

Plaintiffs hereby waive a jury trial in this action.

Dated: December 19, 2016      LAQUER URBAN CLIFFORD & HODGE LLP

By: */S/ Michael Y. Jung*
     MICHAEL Y. JUNG
Counsel for Plaintiffs, Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, et al.